## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROGER S. KING, JR., (Bambi Nicole King), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-03008-TWP-KMB |
| | ) | |
| MIKE BRANHAM, Sheriff, | ) | |
| ANDREW VERBOCHT, Sgt., | ) | |
| JOHN COCHRAN, Officer, | ) | |
| COLEMAN SPEER, Cpl., | ) | |
| CRAIG PRIDEMORE, Ofc., | ) | |
| CHRIS ANDERSON, Ofc., | ) | |
| MELODY HOLT, Nurse, | ) | |
| JOHN HENDERSON, Sgt., | ) | |
| SHAWN KINSER, Cpl., | ) | |
| ANDREW LYNN, Ofc., and | ) | |
| LOGAN MCDONALD, Ofc., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Bambi King ("King"), now a prisoner of the Wabash Valley Correctional Facility, alleges that she was deprived of medical attention for a staph infection while incarcerated at the Lawrence County Security Center in May and June 2020. This action consists of Fourteenth Amendment claims for damages against Mike Branham (in his official capacity) ("Sheriff Branham"), a nurse employed to treat Security Center inmates, and nine correctional officers.

King seeks leave to amend her complaint. (Dkt. 63.) Although substantially similar to the original, the proposed amended complaint seeks to add a new policy-or-practice claim against a new defendant. As explained below, because that claim is barred by the statute of limitations, King's motion for leave to amend is **granted in part and denied in part**.

## I. **THE ORIGINAL COMPLAINT AND SCREENING**

King filed the original complaint on December 8, 2021.  (Dkt. 1.)  The Court screened the

Complaint pursuant to 28 U.S.C. § 1915A and summarized the allegations as follows:

> On May 28, 2020, King began experiencing problems with her hand and arm. By
> the following day, they were swollen and red. She felt ill and could not eat or sleep.
> King believed she had a staph infection, but the nurse, Melody Holt, believed she
> only had an ingrown hair.
>
> By June 4, 2020, King's hand and arm were red and swollen all the way to her
> elbow. On June 5, she was finally taken to the hospital, where she was diagnosed
> with a staph infection.
>
> During this time, King sought medical assistance from nine correctional officers.
> Before June 5, 2020, none helped her. Some officers encouraged her to contact the
> medical staff. Others stated that, under Security Center policy, they could not help
> as long as she was conscious and breathing.

(Dkt. 11 at 2.)

The Court found plausible Fourteenth Amendment claims for damages against the nine

correctional officers and Nurse Melody Holt ("Nurse Holt") based on King's allegations that they

responded to her serious medical condition in an objectively unreasonable fashion.  *Id.*  The Court

also found a plausible Fourteenth Amendment policy-or-practice claim against Sheriff Branham

in his official capacity under the doctrine of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The original Complaint proposed to sue each defendant in his or her individual and official

capacities.  (Dkt. 1.)  It did not identify any defendant as employed by any entity other than the

Sheriff's Department.  The Court did not recognize *Monell* claims against any defendant except

Sheriff Branham, and King did not notify the Court that she asserted additional claims that the

Court did not address.  (*See* Dkt. 11 at 4.)

## II.  THE PROPOSED AMENDED COMPLAINT

King filed a timely motion for leave to amend her Complaint on December 13, 2022.  (Dkt. 63.)  The Motion conveys that King's primary intent in amending the Complaint is to add allegations to bolster the claims already proceeding.  Her proposed amended complaint names the same defendants and offers essentially the same factual allegations, with one notable exception.

In the proposed amended complaint, King alleges for the first time that Nurse Holt was employed by Advanced Correctional Health Care ("ACH"), which contracted to provide medical care to inmates at the Security Center.  (Dkt. 63-1 at ¶ 5.)  She further alleges that ACH "has some sort of custom, practice, policy, and a pattern, whereby they allow unqualified medical staff to diagnose and treat serious medical conditions and/or ailments in lieu of a qualified and licensed medical doctor in order to save money."  *Id.* at ¶ 83.  Based on these allegations, King wishes to add a *Monell* claim against Nurse Holt in her official capacity.  *Id.* at ¶¶ 85, 87.

## III.  LEGAL STANDARDS

Courts "should freely give leave" to amend pleadings "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nevertheless, the Court has "'broad discretion' to deny leave to amend."  *Thomas v. Dart*, 39 F.4th 835, 840 (7th Cir. 2022).  It is appropriate for the court to exercise that discretion and deny leave to amend where the amendment would be futile.  *See id.* at 840.  "Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability."  *Id.* at 841.

### A.    Statute of Limitations

Claims for damages under 42 U.S.C. § 1983 "borrow the limitations period and tolling rules applicable to personal-injury claims under state law."  *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013).  "The pertinent Indiana statute of limitations is two years."  *Id.* (citing Ind. Code

§ 34–11–2–4).  Thus, the two-year statute of limitations applies to every claim King presents in her proposed amended complaint.

Although untimeliness is an affirmative defense, a court may dismiss a claim *sua sponte* if "the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can be regarded as frivolous."  *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal is appropriate at screening).

**B.** **Relation Back**

Under Rule 15, a claim added in an amended complaint "relates back" to the original—and is treated as though it was filed at the time of the original—in limited circumstances.  When an amendment asserts a claim against a new party, it relates back only if three criteria are satisfied.  First, the new claim must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B), 15(c)(1)(C).  Second, the party to be added must have "received such notice of the action that it will not be prejudiced in defending on the merits."  Fed. R. Civ. P. 15(c)(1)(C)(i).  Third, the party to be added must have known (or at least it should have known) "that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).

**IV.  ANALYSIS**

The proposed amended complaint does not change the analysis the Court offered when screening the original Complaint.  The proposed amended complaint continues to state plausible Fourteenth Amendment claims for damages against the nine correctional officers and Nurse Holt.  The proposed amended complaint also continues to state a plausible *Monell* claim against Sheriff

Branham under the Fourteenth Amendment.  These claims are once again based on King's allegations that the defendants treated her serious medical needs with objective unreasonableness.

King's attempt to add a *Monell* claim against Nurse Holt in her official capacity, however, is futile.  The claim is barred by the statute of limitations, and it does not relate back to the original.

The new claim is untimely.  Every event described in the proposed amended complaint occurred in May or June 2020.  King filed the proposed amended complaint on December 13, 2022, approximately two years and six months after Nurse Holt and the other defendants allegedly disregarded King's staph infection.  Thus, she first raised the claim well outside the two-year limitation period.

Because the new claim is untimely, it may proceed only if it relates back to the filing of the original complaint in December 2021.  More specifically, the new claim may proceed only if it satisfies the three criteria for relation back under Rule 15(c)(1)(C).

"Personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Id.* at 165–66 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'"  *Id.* at 166.  A suit against Nurse Holt in her official capacity is a suit against ACH.  Because the original Complaint asserted no claims against ACH, King's attempt to add an untimely claim against ACH is governed by Rule 15(c)(1)(C)'s rules for relation back of claims against newly added parties.

King's proposed amendment does not relate back because it fails to satisfy the third criterion.  Any claim against ACH would arise out of the same conduct described in the original

Complaint, and the Court assumes for the sake of argument that—once Nurse Holt received notice of the suit and obtained counsel—ACH also learned of the suit.  *See* Fed. R. Civ. P. 15(c)(1)(B), 15(c)(1)(C)(i).  None of King's submissions, however, indicate that she made a mistake regarding ACH's identity or Nurse Holt's employer.

Rule 15(c)(1)(C) does not permit relation back where the plaintiff seeks to add a defendant he simply could not (or did not) identify within the limitation period.

> 'Rule 15(c) permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party.'

*Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996) (quoting *Wood v. Worachek,* 618 F.2d 1230 (7th Cir.1980)); *see also Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011) ("The untimely amendment would not 'relate back' to the date of his original complaint because Flournoy made no mistake; he simply lacked knowledge of the proper defendants.").

Under Rule 15(c)(1)(C), a plaintiff may use relation back to "amend the complaint to change the legal capacity in which a defendant is sued."  *Hill v. Shelander*, 924 F.3d 1370, 1377 (7th Cir. 1991).  This outcome is available, however, only "where the right party is wrongly named in an incorrect capacity" in the original complaint.  *Id.*  "'A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were.'"  *Joseph v. Elan Motorsports Technologies Racing*, 638 F.3d 555, 560 (7th Cir. 2011) (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)).

The original Complaint plainly stated claims for relief against Nurse Holt in her individual capacity and Sheriff Branham in his official capacity.  It did not assert a policy-or-practice claim against Nurse Holt, and it did not identify ACH either as a defendant or as Nurse Holt's employer.

King did not promptly notify the Court that she intended to pursue *Monell* claims against Nurse Holt or any claims against her employer.  Under these circumstances, there is no basis to determine that mistake caused King's late addition of ACH as a defendant.  The claim she proposes to add does not relate back and therefore is barred by the statute of limitations.

## V.   <u>CONCLUSION</u>

King's Motion for Leave to File Amended Complaint, Dkt. [63], is **GRANTED in part** and **DENIED in part.** It is **denied** to the extent it asserts claims against Nurse Holt in her official capacity.  The Motion is otherwise **granted**.  The **Clerk is directed** to docket the proposed amended complaint, Dkt. [63-1], as the Amended Complaint.

The action **will proceed** with Fourteenth Amendment claims for damages against the nine correctional officers and Nurse Holt and a *Monell* claim against Sheriff Branham in his official capacity.  All claims are based on King's allegations that the defendants responded to her serious medical condition in an objectively unreasonable fashion.  All other claims are **dismissed**.  In issuing this Order, the Court has screened the Amended Complaint pursuant to 28 U.S.C. § 1915A.

The defendants have appeared and will receive electronic notice of this Order and the Amended Complaint through the docket.  The defendants will have **through Friday, February 3, 2023**, to answer the Amended Complaint.

The Court will address the other motions pending on the docket through separate orders. The action **will continue to proceed** according to the pretrial schedule, Dkt. 43.

**SO ORDERED.**

Date:  1/18/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Roger S. King, Jr., #250624
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Carlisle, Indiana  47838
Electronic Service Participant – Court Only

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Travis W. Montgomery
BLEEKE DILLON CRANDALL, P.C.
travis@bleekedilloncrandall.com

Adam Scott Willfond
TRAVELERS STAFF COUNSEL INDIANA
awillfon@travelers.com